UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


NICHOLAS BECK KNUDSEN,

     Plaintiff,

v.                                                     Case No. 3:22cv5521-LC-HTC

ESCAMBIA BOARD OF COUNTY COMMISSIONERS,
LICENSED PRACTICAL NURSE ROLANDO A FINDLAYTER,
CHIEF CORRECTIONAL OFFICER WILLIAM POWELL,
LIEUTENANT JERRY CHAMPION,

     Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, Nicholas Beck Knudsen, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983.  ECF Doc. 1.  Plaintiff also filed a complete motion to proceed *in forma pauperis*, ECF Doc. 6, which was granted with prepayment of an initial partial filing fee of $49.50,[1] ECF Doc. 7.  Despite giving Plaintiff two opportunities to pay the fee, Plaintiff has failed to do so.  ECF Docs. 7, 8.  The Court also gave Plaintiff an opportunity to file a notice of change of address, but Plaintiff

_____

[1] Plaintiff's initial motion to proceed *in forma pauperis*, ECF Doc. 2, was denied because it was incomplete.  However, Plaintiff subsequently filed a second and complete motion to proceed *in forma pauperis*, ECF Doc. 6, which was granted with the assessment of a partial filing fee.

has not updated his address despite being transferred for over a month.[2]  ECF Doc.

8.  Thus, the undersigned respectfully recommends this case be DISMISSED

WITHOUT PREJUDICE due to Plaintiff's failure to prosecute, failure to comply

with an order of the Court, and failure to keep the Court apprised of his address.

A district court may dismiss an action for a plaintiff's failure to provide the

Court with their current address.  *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th

Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to

update the court of his address change or his detention, and that failure led to [his]

lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No.

5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and

recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing

case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of

his duty to advise the court of any change in his mailing address, as well as his duty

to apprise opposing counsel virtually since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of

an order, especially where the [Plaintiff] has been forewarned, generally is not an

---

[2] On June 21, 2022, the Court received notice that the Court's June 9, 2022 Order, which directed Plaintiff to show cause why his case should not be dismissed due to Plaintiff's failure to pay the fee and update his address, was returned undeliverable.  ECF Doc. 9.  Although the Court directed the clerk to send the Order to the Escambia County Jail and to NW Florida Reception Center, where it appeared Plaintiff had been transferred, the clerk sent the Order only to the Jail.  The clerk did not send the order to NW Florida until June 28.  Thus, the Court has waited another 14 days from that date to issue this report and recommendation.

abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute as Plaintiff has not filed anything with the Court in over two (2) months. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is ORDERED:

The clerk shall send a copy of this report and recommendation, as a matter of courtesy only, to Plaintiff at NW Florida Reception Center Annex. The clerk shall

not update Plaintiff's address on the docket until the clerk receives a written notice of change of address from the Plaintiff.

It is also respectfully RECOMMENDED:

1.     This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2.     The clerk be directed to close the file.

At Pensacola, Florida, this 19th day of July, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.